

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gavin W. Bruce
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6839
*Reply to Eugene Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

FILED 25 NOV '19 16:17 USDC-ORE

**EUGENE BRANCH**
405 E. 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 31, 2019

Rain Levy Minns
4412 Spicewood Springs Rd.
Suite 500
Austin, TX 7875

Re:   *United States v. Talon White*
      Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

This plea agreement is contingent on receipt of pre-approval of the USAO's restoration request to the Asset Forfeiture and Money Laundering Section ("MLARS"). Pursuant to that request, the USAO is seeking MLARS's pre-approval of its request to apply the anticipated forfeited assets described in paragraph 16 below to the anticipated restitution order described in paragraph 15 below, less $1,622,514, which constitutes the fraud penalty and interest components of the anticipated restitution that will be ordered due and owing to IRS. Defendant agrees that the funds necessary to satisfy that portion of the restitution will be transferred directly to the Clerk's Office as described below.

This plea agreement is also contingent upon the approval of the Department of Justice, Tax Division.

2.    **Charges**: Defendant agrees to waive indictment and plead guilty to Counts 1 and 2 of the Information, charging Criminal Infringement of Copyright in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1), and Tax Evasion in violation of 26 U.S.C. § 7201.

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 2
October 31, 2019

3. **Penalties**: The maximum sentence for each count is 5 years' imprisonment, a fine of $250,000, or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets and restitution as set forth below.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, Criminal Infringement of Copyright, the government must prove the following elements beyond a reasonable doubt:

> First, that there was a valid copyright protecting the work involved;
>
> Second, that the defendant infringed the copyright;
>
> Third, that the defendant did so willfully;
>
> Fourth, defendant did so for purposes of commercial advantage or private financial gain; and
>
> Fifth, that the defendant did so by reproducing or distributing, including by electronic means, during any 180-day period, at least 10 copies or phonorecords of one or more copyrighted works, having a total retail value of more than $2,500.

In order for defendant to be found guilty of Count Two of the Information, Tax Evasion, the government must prove the following elements beyond a reasonable doubt:

> First, the defendant owed more federal income tax for the calendar year 2013, 2014, 2015, 2016, and 2017 than was declared due on the defendant's income tax return for that calendar year;
>
> Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;
>
> Third, the defendant made an affirmative attempt to evade or defeat such additional tax; and

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 3
October 31, 2019

        Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

Defendant admits the elements of the offenses alleged in Counts One and Two of the Information. Defendant further admits that the following facts are true, can be proved beyond a reasonable doubt, and are sufficient to support defendant's guilty pleas.

Starting no later than 2013 and continuing into 2018, Talon White engaged in a scheme to reproduce and distribute validly copyrighted material, including motion pictures and television shows, for the purpose of personal financial gain by making the copyrighted material available online. Members of the public purchased subscriptions to websites created by White and were able to stream and download copyrighted materials. White did this without authorization from the copyright holders. Websites established by White and others for this purpose included, but are not limited to, noobroom5.com, noobroom7.com, noobroom9.com, streamagain.com, superchillin.com, Sit2Play.com, movietv.to, lurnev.com and wamela.com.

The websites contained thousands of movies and television shows that were available for streaming and downloading. Through the websites, White distributed thousands of copies or phonorecords of numerous copyrighted works, with the retail value of those distributed works exceeding well over $2,500.

White admits that there are many 180-day periods during the copyright infringement scheme where he distributed at least 10 copies or phonorecords of one or more copyrighted works, having a total retail value of more than $2,500. White also admits that his websites made available for download works being prepared for commercial distribution.

Subscribers to the websites made payments to White via PayPal and Stripe. Following the payments to PayPal and Stripe, the proceeds were distributed to White's bank accounts. White also used the proceeds to purchase various cryptocurrency and a house in Newport, Oregon. Deposits into White's bank accounts traceable to the scheme exceeded $8,000,000.

White filed a U.S. Individual Income Tax Return, Form 1040, for all years between 2013 and 2017. White reported income from unspecified internet sales on Schedule C. On each of these tax returns, defendant reported and caused to be reported that his taxable income and amount of tax due and owing were as follows:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| Taxable Income | $16,205 | $21,684 | $5,223 | $188,765 | $90,331 |
| Tax Due and Owing | $5,972 | $7,855 | $4,548 | $68,375 | $38,869 |

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 4
October 31, 2019

The criminal investigation determined that White significantly underreported his income. The table below shows White's accurate taxable income and tax due and owing:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| Taxable income | $112,620 | $372,611 | $424,354 | $1,190,540 | $2,632,884 |
| Tax Due and Owing | $42,288 | $133,183 | $148,413 | $480,201 | $1,104,474 |

From 2013 through 2017, White underreported his income by $4,410,801. White admits that he willfully made affirmative attempts to evade or defeat these taxes. The approximate tax due and owing for tax years 2013 through 2017 is $1,908,559. When taking into account the amount White paid per his filed tax returns ($138,365), the total remaining tax due and owing for the years 2013 through 2017 is $1,770,194. As of May 2019, the fraud penalty under 26 U.S.C. § 6663 for those same years totals $1,327,646, and the interest due and owing under 26 U.S.C. § 6601 totals $294,868, for a total due and owing to the IRS of $3,392,708 for tax years 2013-2017.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**: The parties agree that defendant's relevant guidelines are as follows:

**Count 1: Copyright**
- U.S.S.G. § 2B5.3: Base Offense Level: 8
- U.S.S.G. § 2B5.3(b)(1): Loss Amount: +18
- U.S.S.G. § 2B5.3(b)(3): Uploading infringing items: +2
  o  Total Copyright Offense Level: 28

**Count 2: Tax Evasion**
- U.S.S.G. § 2T4.1: Base Offense Level: 22
- U.S.S.G. § 2T1.1(b)(1): Over $10,000 from criminal activity: +2
  o  Total Tax Offense Level: 24

Pursuant to U.S.S.G. § 3D1.1-4, an additional 2-level is added for the multiple counts of conviction. Therefore, the parties agree that the total offence level is 30, prior to adjustments under Guideline Chapters 3, 4, or 5.

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 5
October 31, 2019

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Additional Departures, Adjustments, or Variances**:

   A.   Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to USSG § 5K2 or 18 U.S.C. § 3553.

   B.   Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 6
October 31, 2019

charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 7
October 31, 2019

### Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to the entry of a restitution order reflecting the following loss amounts:

- Motion Picture Association of America: $669,557
- Internal Revenue Service: $3,392,708

Defendant agrees that the following table represents, for purposes of this criminal investigation and restitution, the proper remaining tax due and owing, along with the fraud penalty computed through May 22, 2019 and the interest owing computed through June 21, 2019, for tax years 2013 through 2017:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| Remaining Tax Due and Owing | $36,316 | $124,083 | $142,567 | $401,623 | $1,065,605 |
| Fraud Penalty | $27,237 | $93,062.25 | $106,925.25 | $301,217.25 | $799,203.75 |
| Interest | $14,434.94 | $41,445.79 | $38,704.15 | $77,261.21 | $123,022.36 |

Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The government will provide an updated interest figure at sentencing. Defendant also agrees to pay the Title 26 fraud penalty for tax years 2013 through 2017.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 8
October 31, 2019


owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.   **Forfeiture Terms**:

A.   **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 981(b), 981(a)(1)(C), 982(a)(1), 2323(a)(1)(C) and (b)(1), 21 U.S.C. § 853(f), 28 U.S.C. § 2461(c); or other applicable forfeiture statute, including but not limited to:

- $2,457,790.72 in funds seized from JPMorgan Chase Bank account #xxx0905, less $1,622,514, as described further below;
- $1,266,650.00 in funds seized from JPMorgan Chase Bank account #xxx3511;
- $200,653.71 in funds seized from JPMorgan Chase Bank account #xxx8881;
- $1,383.68 in funds seized from JPMorgan Chase Bank account #xxx2125;
- $32,921.00 US Currency;
- $1,940.77 US Currency;
- Cryptocurrency, including:
    o  31.53810677 Bitcoin;
    o  1,022.39066800 Ethereum; and
    o  5.74017141 Bitcoin Cash
- The equivalent cash value of cryptocurrency if, before the Final Order of Forfeiture is entered, the cryptocurrency is sold and the proceeds of that sale are converted into U.S. Currency.
- Real property located 935 SW 7th Street, Newport, Lincoln County, Oregon.

Defendant admits that the listed property constitutes the proceeds of defendant's criminal activity, or they were used to facilitate defendant's criminal activity, in violation of 17 U.S.C. § 506(a)(1)(A), 18 U.S.C. § 2319(b)(1), and 26 U.S.C. § 7201, as set forth in Counts 1 and 2 of the Information.

Rain Levy Minns
Re: Talon White Plea Agreement Letter
Page 9
October 31, 2019

Defendant understands that of these assets, $1,622,514, which is equal to the fraud penalty and interest due and owing will not be forfeited, but, instead, will be transferred to the Clerk's Office for the District of Oregon and subsequently transferred to the IRS in order to satisfy the fraud penalty and interest portions of the restitution amount. Defendant agrees to execute any necessary documents to effectuate the transfer of those funds consistent with the terms of this agreement. Defendant understands that failure to do so would result in the forfeiture of the funds and make them unavailable for that portion of restitution, and that at no time will funds be transferred or released directly to the defendant.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim, and agrees to withdraw any claim already filed, to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17. **Restitution Credit to Civil Tax Liability and Tax Loss:** Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax

liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19. **Deadline**: This plea offer expires if not accepted by November 15, 2019 at 5:00p.m.

Sincerely,
BILLY J. WILLIAMS
United States Attorney


GAVIN W. BRUCE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11-1-2019                                           Talon White
Date                                                Talon White, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/1/19
Date                                                Rain Levy Minns, Attorney for Defendant

Revised May 2018